UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Jeffrey Evans, derivatively on behalf of
Navarre Corporation,

        Plaintiff,

v.

Eric H. Paulson, James G. Gilbertson,
Brian M.T. Burke,  Cary L. Deacon,
Keith A. Benson, Charles E. Cheney,
Timothy R. Gentz, Tom F. Weyl,
Dickinson G. Wiltz, James G. Sippl,
Michael L. Snow, and Alfred Teo,

        Defendants,

Navarre Corporation,

        Nominal Defendant.

**MEMORANDUM AND ORDER**

Civil No. 05-2044 (PAM/JSM)

Joan M. Brewster, derivatively on behalf
of Navarre Corporation,

        Plaintiff,

v.

Eric H. Paulson, James G. Gilbertson,
Brian M.T. Burke,  Cary L. Deacon,
Keith A. Benson, Charles E. Cheney,
Timothy R. Gentz, Tom F. Weyl,
Dickinson G. Wiltz, James G. Sippl,
Michael L. Snow, and Alfred Teo,

        Defendants,

Civil No. 05-1818 (PAM/JSM)

Navarre Corporation,

    Nominal Defendant.

---

William Block, derivatively on behalf of
Navarre Corporation,

    Plaintiff,

v.

Eric H. Paulson, James G. Gilbertson,
Brian M.T. Burke, Cary L. Deacon,
Keith A. Benson, Charles E. Cheney,
Timothy R. Gentz, Tom F. Weyl,
Dickinson G. Wiltz, James G. Sippl,
Michael L. Snow, and Alfred Teo,

    Defendants,

Navarre Corporation,

    Nominal Defendant.

Civil No. 05-2067 (PAM/JSM)

---

  This matter is before the Court on Defendants' appeal of United States Magistrate Judge Janie S. Mayeron's Order dated November 2, 2006. For the following reasons, the Court affirms the Order.

**BACKGROUND**

  The three above-captioned cases are shareholder derivative actions against officers and directors of Navarre Corporation. In August 2005, a Special Litigation Committee (SLC) was appointed pursuant to Minn. Stat. § 302A.241 to investigate and determine whether the derivative actions were in Navarre's best interest. Following an investigation,

the SLC determined that dismissal of the actions was in the best interest of the corporation.

Based on the SLC's report, Defendants moved to dismiss the derivative actions. This Court held a status conference at which Plaintiffs indicated they wished to propound discovery relating to the SLC's independence and good faith, and the Court directed the parties to proceed with any discovery issues before Magistrate Judge Mayeron. Plaintiffs filed a motion to compel, which Magistrate Judge Mayeron granted in part and denied in part on November 2, 2006. Defendants appeal the portions of the Order compelling production of documents in response to Plaintiffs' Document Request Nos. 4, 5, 9, 10, and 11.[1]

**DISCUSSION**

The Court will modify or set aside any portion of the Order found to be clearly erroneous or contrary to law. See 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); D. Minn. LR 72.2(a).

> Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . . For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P. 26(b)(1). At issue in this case is whether the SLC acted independently and in good faith in reviewing the derivative lawsuits. See Janssen v. Best & Flanagan, 662

---

[1] Request No. 4 seeks notes, minutes, transcripts, and corporate records considered by the SLC in its investigation. Request No. 5 asks for documents and reports related to legal opinions or factual findings considered by the SLC. Request No. 9 seeks documents such as interview notes and transcripts of witness interviews conducted during the SLC's investigation. Request No. 10 asks for reports, billing statements, and communications between the SLC and consultants or experts it retained during the investigation. Magistrate Judge Mayeron ordered only partial production of these expert-related communications. Request No. 11 seeks all documents reviewed by the SLC in its investigation.

N.W.2d 876, 888 (Minn. 2003).

Magistrate Judge Mayeron found that the contested information is relevant to the issue of good faith, in particular, to "the adequacy and reliability of the information supplied to and reviewed by the SLC." (Order at 19-20.) The details of an SLC's factual investigation may reveal whether the SLC acted in good faith. See Janssen, 662 N.W.2d at 888-89; Drilling v. Berman, 589 N.W.2d 503, 509 (Minn. Ct. App. 1999) ("Whether a committee's investigative methods demonstrate good faith will depend on the nature of the particular investigation.") (citation omitted). Although Defendants clearly disagree with Magistrate Judge Mayeron's findings, they have not shown them to be clearly erroneous or contrary to law.

**CONCLUSION**

The Order compelling discovery responsive to Plaintiffs' Document Request Nos. 4, 5, 9, 10, and 11 is neither clearly erroneous nor contrary to law. Accordingly, **IT IS HEREBY ORDERED** that the November 2, 2006 Order (Docket No. 77 in Case No. 05-1818; Docket No. 74 in Case No. 05-2044; and Docket No. 64 in Case No. 05-2067) is **AFFIRMED**.

Dated: December 13, 2006

                                      s/ Paul A. Magnuson
                                      Paul A. Magnuson
                                      United States District Court Judge